# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Rebecca R. Pallmeyer | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 CR 895 - 25 | **DATE** | 6/3/2003 |
| **CASE TITLE** | USA vs. Darryl L. Wilson | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
       ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion And Order. Defendants' motion to dismiss the indictment is denied.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | |
| | No notices required. | number of notices | Document Number |
| ✓ | Notices mailed by judge's staff. | | |
| | Notified counsel by telephone. | JUN 04 2003 | |
| | Docketing to mail notices. | docketing deputy initials | 294 |
| | Mail AO 450 form. | | |
| | Copy to judge/magistrate judge. | 6/3/2003 date mailed notice | |
| ETV | courtroom deputy's initials | ETV mailing deputy initials | |

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 02 CR 895 |
| | ) | |
| DARRYL WILSON, et al., | ) | Judge Rebecca R. Pallmeyer |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Defendant Darryl L. Wilson filed this motion, joined by Defendant Willie Mobley (collectively, "Defendants"), pursuant to 18 U.S.C. § 3162(a)(1), seeking dismissal of the indictment on the basis of the government's alleged violation of the Speedy Trial Act. Defendants contend that Chief Judge Kocoras erred in granting the government's motion for a 63-day extension of the time to seek an indictment following Defendants' arrests pursuant to criminal complaints. The government argues that the extension was a proper exercise of the court's discretion under Section 3161(h)(8)(A) of the Act. For the reasons set forth below, the motion is denied.

## DISCUSSION

The Speedy Trial Act requires that the government file an information or seek indictment within thirty days of the defendant's arrest. 18 U.S.C. § 3161(b). The statute also provides for the exclusion of certain periods of delay in the computation of the thirty-day "clock." 18 U.S.C. § 3161(h). Of particular relevance here, this section provides that a delay may be allowed upon a judge's finding that "the ends of justice served by [granting an extension] outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(8)(A). The statute sets forth four factors for the court to consider in determining whether the ends of justice will be served by

granting an extension.[1]

Defendants acknowledge that the factors set forth in Section 3161(h)(8)(B) relate to both pre- and post-indictment extensions. They argue, however, that the statute mandates that the only factor properly considered in a pre-indictment motion is factor (iii), which asks "[w]hether, in a case in which arrest precedes indictment, delay in the filing of the indictment is caused because the arrest occurs at a time such that it is unreasonable to expect return and filing of the indictment within the period specified in section 3161(b), or because the facts upon which the grand jury must base its determination are unusual or complex." 18 U.S.C. § 3161(h)(8)(B)(iii). Defendants contend that because factor (iii) is the only one that specifically addresses itself to cases "in which arrest precedes indictment," it is the only factor relevant to a pre-indictment motion.

---

[1]

(B) The factors, among others, which a judge shall consider in determining whether to grant a continuance under subparagraph (A) of this paragraph in any case are as follows:

> (i) Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice.
>
> (ii) Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section.
>
> (iii) Whether, in a case in which arrest precedes indictment, delay in the filing of the indictment is caused because the arrest occurs at a time such that it is unreasonable to expect return and filing of the indictment within the period specified in section 3161(b), or because the facts upon which the grand jury must base its determination are unusual or complex.
>
> (iv) Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

18 U.S.C. § 3161

The court disagrees. Section 3161(h)(8)(B) states that "[t]he factors, among others, which a judge shall consider in determining whether to grant a continuance under subparagraph (A) of this paragraph in any case are as follows." Subparagraph A speaks to "any period of delay," and thus applies to both pre- and post-indictment situations. The words "among others" in subparagraph B indicates that the four-factor list is not exclusive, and that a judge may consider additional arguments against or in favor of granting an extension. For these reasons, the more logical interpretation of factor (iii) is the one posed by the government: while factors (i) through (iv) all apply in the pre-indictment context, factor (iii) by its terms does not apply in post-indictment situations.

As Defendants themselves recognize, our Court of Appeals has repeatedly affirmed pre-indictment extensions of time where the district court relied on factors other than factor (iii). *See, e.g., United States v. Marin*, 7 F.3d 679, 683 (7th Cir. 1993) (affirming the district court's grant of a pre-indictment extension of sixty days where the district court based its decision on Sections 3161(h)(8)(B)(i) and (iii)); *United States v. Jean*, 25 F.3d 588, 592-93 (7th Cir. 1994) (affirming grant of a pre-indictment extension under Section 3161(h)(8)(B)(ii)). Defendants urge, however, that because the Court of Appeals was not directly presented with the argument they make here — that factor (iii) is the only one which may be considered by the court on a motion for a pre-indictment extension — those earlier cases are not persuasive.

Although the Seventh Circuit has not explicitly considered the argument, it has, in this court's view, implicitly adopted the government's interpretation of the Speedy Trial Act. In *Marin*, the Court of Appeals stated that "[a]mong the factors a court *must* consider in determining whether to grant an extension . . . are . . . the two factors [(i) and (iii)] that the government contends justify the continuance it was granted in this case . . . ." 7 F.3d at 683 (emphasis added). Similarly, in *United States v. Leiva*, the Court of Appeals affirmed a pre-indictment extension of time where the district court had made findings relevant to factors (iii) and (iv); the Court of Appeals observed there

3

that "[s]ection 3161(h)(8)(B) sets forth a non-exclusive list of factors which the district court shall consider in deciding whether to grant an exclusion under § 3161(h)(8)(A)." 959 F.2d 637, 640 (7th Cir. 1992). This language satisfies this court that factor (iii) is but one of the four non-exclusive factors that the judge should consider in deciding whether to grant a pre-indictment extension.

In the hearing on the government's motion for an extension in this case, the Chief Judge noted that there were a total of 34 defendants in the case at that point, some of whom were not yet in custody. (Transcript of *in camera* Proceedings, October 17, 2002, at 2, 3.) The government lawyers advised the court that they contemplated more than one indictment in the case. (*Id.* at 3.) Upon hearing argument from Defendants' attorneys, the Chief Judge declared his intent to grant the government's motion, noting that the case was "larger than life," and "in fairness to the Government, with this massive information and the necessity to compartmentalize it and decide what goes where and who goes where . . . I think will take some time sorting out." (*Id.* at 4, 5.) In his order dated October 17, 2002, Chief Judge Kocoras granted the government an extension of time up to and including December 19, 2002, pursuant to Section 3161(h)(8)(A). The Chief Judge's order stated that the ends of justice outweighed the need for a speedy trial because the failure to grant an extension would result in a miscarriage of justice; and such a failure would deny the government attorneys "reasonable time necessary for effective preparation, taking into account the exercise of due diligence." (Order of October 17, 2002, Under Seal, In Re Grand Jury Matter Richard Epps et al.)

The Chief Judge's written order and oral statements demonstrate that his decision was supported by at least three of the four factors in Section 3161(h)(8)(B). Relevant to his decision were factor (ii) (which asks whether the case is unusual or complex, due, among other things, to the number of defendants, and whether it is unreasonable to expect adequate preparation for pretrial proceedings); factor (iii) (which, as stated above, asks whether the facts upon which the grand jury must base its determination are unusual or complex); and factor (iv) (which, among other

4

things, asks whether failure to grant an extension would deny the Government "the reasonable time necessary for effective preparation, taking into account the exercise of due diligence."). 18 U.S.C. § 3161(h)(8)(B)(ii), (iii), (iv). Notably, one of the possible bases of the court's decision was factor (iii), the one Defendants argue he was required to apply. So even if that factor were the only valid consideration here, as urged by Defendants, it appears likely the motion would have been granted anyway. The Court of Appeals has clarified, however, that the court must analyze all four factors in deciding a pre-indictment extension motion, Marin, 7 F.3d at 683, and the Chief Judge apparently did exactly that. For these reasons, the court concludes that Chief Judge Kocoras made no legal error in granting the government a pre-indictment extension of time.

Absent legal error, the court will reverse the Chief Judge's order granting the exclusion of time on appeal only when there is an abuse of discretion and a showing of actual prejudice resulting from the extension. Marin, 7 F.3d at 683. Assuming this court is to employ the same standards, the court notes, first, that Defendants have not argued that the Chief Judge abused his discretion in granting the extension. (Wilson Motion, at 10 n.9) ("Defendant is not asserting that Judge Kocoras' [sic] abused his discretion in granting the extension.") Nor do Defendants assert that they were prejudiced by the extension.

In any event, in this court's view, the circumstances presented here defeat any abuse of discretion argument. The Seventh Circuit has regularly affirmed orders granting an extension of time in cases like this one, involving multiple defendants and extensive evidence. *United States v. Vega*, 860 F.2d 779, 786-87 (7th Cir. 1994) (extension granted based on large number of defendants, preservation of individual rights and complexity of charges); *United States v. Jean*, 25 F.3d at 595 (extension granted because of the complexity of the case and the fact that the government had a large number of recorded phone conversations to review); *United States v. Thomas*, 774 F.2d 807, 810 (7th Cir. 1985) (extension granted because case was complex and the government had thousands of financial documents to review).

5

The court notes, moreover, that Defendants are unable to show prejudice resulting from the order granting an extension of time. In their motion, Defendants claim that all of the relevant information was compiled by the government prior to their arrest. Essentially, Defendants argue that the same indictment could have been issued earlier if the extension had not been granted; assuming that is correct, however, may not be sufficient to demonstrate prejudice to Defendants. *United States v. Ousley*, 100 F.3d 75, 78 (7th Cir. 1996) (defendant suffered "no cognizable prejudice" simply because the same indictment could have been returned a month earlier). The court notes, further, that the absence of prejudice to a defendant can serve as a basis for a court to refuse to dismiss an indictment. *Id.*

Instead of arguing abuse of discretion and prejudice, Defendants argue that Chief Judge Kocoras did not have all of the relevant information when granting the extension and thus was "not fully informed as to the complexity of the case." (Wilson Reply, at 3.) Specifically, Defendants argue that the investigation of Defendants had been completed nine months prior to the October 17, 2002 hearing and the government had already transcribed the tapes and determined the charges for each Defendant by the time it asked for an extension.[2] Because the government failed to inform Judge Kocoras of these facts, Defendants argue that this court should hold an evidentiary hearing and review *de novo* whether the extension was proper. Although the government has not addressed this issue, the court notes that Defendants have not provided any legal authority supporting this court's *de novo* review of an order granting an extension, nor has the court located any such authority. In fact, the Seventh Circuit has stated that there are only two

---

[2] To support these allegations, Defendants have provided a list of the Title III phone calls that were included in the affidavit, which demonstrate that the last wiretap was conducted on December 5, 2001. (Listing of Title III calls included in the affidavit, Exhibit D to Defendants' motion). Defendants have also provided a chart, created by the government, listing the different Defendants in this case and the corresponding tapes compiled during the investigation. (Epps Tapes, Exhibit E to Defendants' motion). Defendants maintain that these materials were prepared in pursuit of the criminal complaint.

6

paths for a defendant seeking to reverse an order granting an extension; legal error or abuse of discretion. Marin, 7 F.3d at 683.

The court observes, further, that the relevant question is not whether the Chief Judge had all of the information in granting the extension, but whether the information he actually had at the time of the order was sufficient to support his ruling. Marin, 7 F.3d at 684 ("the propriety of an ends of justice continuance is directed to the district court's exercise of discretion at the *outset* of a proceeding"), quoting United States v. Vega, 860 F.2d 779, 787 (7th Cir. 1988) (emphasis in original). At the time the Chief Judge granted the extension, he was correctly informed that the case involved 34 defendants, including some individuals who were not in custody at the time, a great deal of evidence (such as video and audio tapes), and the potential to yield more than one indictment. The fact that the government had reviewed and organized some of the evidence against Defendants does not support the conclusion that the case had at that point ceased to be complex, barring the Chief Judge from granting the extension. The court finds, instead, that the information before the Chief Judge provided him with a sufficient basis under the relevant factors of Section 3161(h)(8) to grant an extension.

Lastly, the court must address Defendants' argument that government attorneys pursued the extension to compensate for their own lack of diligence. Specifically, Defendants argue that the government sought the extension to allow for an Assistant United States Attorney to take a 30-day vacation and to allow the government to garner more evidence. Although one of the three prosecutors involved in this case was on paternity leave for 30 days during a portion of the 63-day extension,[3] this does not support a finding that the government acted in bad faith in pursuing an extension. Two other prosecutors remained assigned to the case and presumably used this time to further pursue the indictment.

---

[3] The court observes from experience that 30 days devoted to caring for a newborn, while intensely joyful and satisfying, can hardly be characterized as a vacation.

Nor is the court troubled by the fact that on October 30, 2002, two weeks after the extension was granted, the government sent a letter to Defendants' counsel seeking their cooperation in the criminal investigation. (October 30, 2002 Letter from Eric Sussman to Defendants' counsel, Exhibit F to Defendants' motion). Although Defendants argue that this letter demonstrates that the government utilized the extension of time for a tactical advantage, the court recognizes that it is permissible for the government to use an extension of time to do further investigation. See Marin, 7 F.3d at 683-84. The fact that the government sought Defendants' cooperation in the effort simply does not demonstrate that the government pursued the extension of time in bad faith.

## CONCLUSION

Finding no error or abuse of discretion in the Chief Judge's order granting the 63-day extension, the court denies Defendants' motion to dismiss the indictment.

ENTERED:

Dated: June 3, 2003

REBECCA R. PALLMEYER
United States District Judge